IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JASMINE DOVE ANNA GRAHAM**,

    Plaintiff,

v.

**TERRY FAMILY FUNERAL HOME**,

    Defendant.

Case No. 3:24-cv-1319-SB

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on September 24, 2024. Judge Beckerman recommended that this Court dismiss *sua sponte* Plaintiff's complaint for lack of subject matter jurisdiction.

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. Plaintiff argues that Defendant Terry Family Funeral Home fraudulently altered documents making it appear that Plaintiff gave permission for another person to take the ashes of Plaintiff's son after his cremation at Defendant's funeral home. Plaintiff provides documents she contends she received from Defendant that Plaintiff argues support her allegations. This argument, however, goes to the merits of Plaintiff's state law claims. Plaintiff does not argue that Defendant has violated any *federal* law or constitutional provision.

As Judge Beckerman explained, federal courts are courts of limited jurisdiction. Unlike state courts, which are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds of cases as authorized by the United States Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal

courts have jurisdiction over two primary categories of cases: (1) "federal question" cases; and (2) "diversity of citizenship" cases. A "federal question" case involves the Constitution or a federal law or treaty. *See* 28 U.S.C. § 1331. A "diversity of citizenship" case involves citizens of different states where the amount of damages is more than $75,000. *See* 28 U.S.C. § 1332(a)(1). Plaintiff does not allege any federal cause of action, and she and Defendant are citizens of the same state, Oregon. Thus, Plaintiff fails to show federal court jurisdiction over this case.

The Court has reviewed *de novo* Judge Beckerman's Findings and Recommendation, ECF 10, for the portion relevant to this case.[1] The Court agrees with Judge Beckerman's reasoning regarding Plaintiff's allegations relating to Defendant Terry Family Funeral Home and ADOPTS that portion of the Findings and Recommendation. The Court dismisses the Complaint, without prejudice to file in state court, but without leave to amend in this federal court. The Court further finds that any appeal from this Order would be "frivolous" as that term is used in 28 U.S.C. § 1915(e)(2) and thus would not be taken in "good faith" as that term is used in the statute. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, Plaintiff's *in forma pauperis* status should be revoked.

**IT IS SO ORDERED.**

DATED this 10th day of January, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[1] The Findings and Recommendation also opines regarding Plaintiff's related case, *Graham v. Butcher*, Case No. 3:24-cv-1317-SB. The Court offers no opinion regarding that portion of the Findings and Recommendation.

PAGE 3 – ORDER